**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>            Plaintiff,<br><br>vs.<br><br>Eagle Produce, L.L.C., an Arizona Limited Liability Company,<br><br>            Defendant. | No. CV-06-1921-PHX-NVW<br><br>**ORDER** |

Before the court is Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion for Reconsideration of Summary Judgment Order (doc. # 91) filed pursuant to Local Rule LRCiv 7.2(g) and Federal Rules of Civil Procedure 59(e) and 60(b). The EEOC asks the court to vacate its order of summary judgment against the Title VII claim. The motion will be denied.

**I.     Procedural History**

On June 6, 2005, Anita Guerrero filed a charge of discrimination with the EEOC alleging that Eagle Produce, L.L.C., her former employer, discriminated against her in violation of the Equal Pay Act. On August 7, 2006, the EEOC filed this action against Eagle on behalf of Guerrero, alleging only an Equal Pay Act claim. On August 14, 2006, Guerrero amended her charge of discrimination to include a claim under Title VII of the

1  Civil Rights Act of 1964.  The EEOC later amended its complaint to add a Title VII claim.

2  Eagle pleaded the statute of limitations in defense to the Title VII claim.  The parties filed

3  cross-motions for summary judgment on September 14, 2007, both addressing the statute

4  of limitations defense.

5       Days before the discovery and disclosure deadline, the EEOC disclosed for the

6  first time a second comparator, Bernardo Gomez, said to be paid more than Guerrero for

7  substantially equal work.  The EEOC previously grounded its case on a different

8  comparator, Paul Collazo.  The EEOC's motion for summary judgment compared

9  Guerrero's pay and job duties to both Collazo and Gomez, in effect asserting a second

10  lawsuit.  Eagle moved to reopen discovery and to file a second motion for summary

11  judgment concerning Gomez.  The court granted that request on December 5, 2007.

12  Eagle filed its second motion for summary judgment on February 15, 2008.

13       The statute of limitations states:

14  > A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place, and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law . . . .

21  42 U.S.C. § 2000e-5(1).

22       In its first motion for summary judgment Eagle argued that the Title VII charge,

23  first made in the August 14, 2006 amendment, fell outside of the 180-day statute of

24  limitations.  In both its own motion for summary judgment and its response to Eagle's

25  motion, the EEOC argued that the August 14, 2006 amended charge concerning Title VII

26  related back to the original charge filed June 6, 2005.  In its response to the EEOC's

27  motion as well as in reply on its own motion, Eagle argued that even if the amendment

28  adding the Title VII charge related back to June 6, 2005, the charge was still filed more

- 2 -

1  than 180 days after November 30, 2004, the latest date that Guerrero could have learned
2  of the alleged Title VII discrimination.

3  In its reply on its motion for summary judgment the EEOC noted Eagle's
4  concession that June 6, 2005, might be the date of filing the Title VII charge.  But the
5  EEOC did not address Eagle's argument that June 6, 2005, was beyond the 180-day
6  limitation.  When Eagle later made the same limitations argument for the third time in its
7  second motion for summary judgment, the EEOC again failed to address why the 180-day
8  limitation did not apply and bar the Title VII claim.

9  In its order on the motions for summary judgment the court determined that, on the
10 issues and facts presented, the 180-day statute of limitations applied and ran no later than
11 May 29, 2005.  The June 5, 2005 charge was filed too late.  The court noted, "Though
12 Eagle has briefed this issue several times, the EEOC strangely has never responded to it."
13 (Doc. # 89 at 6.)

14 On June 19, 2008, the EEOC filed this Motion for Reconsideration.  The Motion
15 asserts—for the first time—that the State of Arizona and the EEOC have a formal
16 worksharing agreement.  It argues that a charge filed with the EEOC is treated as if also
17 filed with the appropriate state agency.  The EEOC argues that although Guerrero filed
18 her initial charge with the EEOC after the 180-day deadline, her Title VII charge is
19 actually subject to the 300-day statute of limitations for persons who institute proceedings
20 with a state agency.  The EEOC asks under Federal Rules of Civil Procedure 59(e) and
21 60(b)(1) and Local Rule LRCiv 7.2(g) that the court "reverse its erroneous decision and
22 hold that Plaintiff's Title VII claim is timely."   (Doc. # 91 at 2.)

23 **II.    The order is correct because the EEOC failed to raise, and therefore forfeited,
         any contention that the 300-day statute of limitations applies and because the
24       EEOC presented no fact triggering the 300-day limitation.**

25 "On motion and just terms, the court may relieve a party or its legal representative
26 from a final judgment, order, or proceeding for the following reasons: (1) mistake,
27 inadvertence, surprise or excusable neglect. . ." Fed. R. Civ. P. 60(b)(1).  However,
28 "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide

- 3 -

grounds for relief under Rule 60(b)(1)." *Engleson v. Burlington N. Railroad Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir. 1986)). "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).

The "manifest error" warranting reconsideration under LRCiv 7.2(g)(1) must be error of the court, not error of the litigant. Eagle's briefs challenged the EEOC with the 180-day statute of limitations three times, yet the EEOC held back its argument until after the ruling on its Title VII claim. Parties must come forward with their points and authorities in support of or in opposition to a motion. LRCiv 7.2(b), (c). Failure to respond to an argument is not ground for relief under Rule 60(b)(1). *Smith v. Stone*, 308 F.2d 15, 18 (9th Cir. 1962). "A defeated litigant cannot set aside a judgment because of his failure to interpose a defense that could have been presented at trial, or because he failed to present on a motion for summary judgment all of the facts known to him that might have been useful to the court." 11 WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2858 (1995). The EEOC could not have misunderstood Eagle's clear, thrice-presented argument; but even if it did, its neglect would not absolve its duty to respond. *Engleson*, 972 F.2d at 1043; *Allmerica Financial Life Ins. and Annuity Co. v. Llewellyn*, 139 F.3d 664, 665-66 (9th Cir. 1997) (counsel's failure to present an affirmative defense is not a basis for equitable relief).

The fact before the court–indeed, the true fact–was that Guerrero initiated her charge of discrimination with the EEOC, not with a state agency. The EEOC did not present the extra-judicial fact that it had entered into a worksharing agreement with the State of Arizona or address how that relationship might affect the statute of limitations. Without that fact and argument, the court correctly determined that the plain language of the statute imposed a 180-day deadline for Guerrero's Title VII charge and she missed it.

The ruling from which the EEOC seeks relief is not a "manifest error." LRCiv 7.2(g)(1). It was compelled by the only facts and arguments presented to the court.. The EEOC seeks relief from its own neglect or strategic choice, which abandoned both the fact and the argument it now would resurrect. After 22 months of litigation and two successive cycles of discovery and summary judgment briefing, the EEOC's remorse at its double omission after triple warning is not justification for a fourth chance to choose its issues and evidence. *Bank of America Nat. Trust and Sav. Ass'n v. Mamakos*, 509 F.2d 1217, 1219 (9th Cir. 1975) (not abuse of discretion to deny a motion for reconsideration where party fails to raise fact and assert point in opposition until after judgment had been entered); *Van Der Salm Bulb Farms, Inc. v. Hapag Lloyd, AG*, 818 F.2d 699, 700 (9th Cir. 1987) (evidence presented for the first time in motion for reconsideration does not justify granting of motion).

### III.    Conclusion

The Motion for Reconsideration does not present a "mistake, inadvertence, surprise or excusable neglect" that warrants relief under Fed. R. Civ. P. 60(b)(1). Nor is it a basis for relief under Fed. R. Civ. P. 59(e) or Local Rule LRCiv 7.2(g). To the contrary, the Motion illustrates why litigants are required to timely present their issues and evidence, why the courts are not required to search for reasons to rule for parties who do not present their own, and why opposing parties who follow the rules of engagement are entitled to repose at battle's end.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration of Summary Judgment Order (doc. # 91) is DENIED.

DATED this 18th day of July, 2008.

Neil V. Wake
United States District Judge